# LEE LITIGATION GROUP, PLLC

148 WEST 24TH STREET, 8TH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1188
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:          212-465-1188
                         cklee@leelitigation.com

**<u>Via ECF</u>**                                              April 16, 2026

The Honorable Jesse Furman, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street, Room 24B
New York, New York 10007

> Re:    *Lugo et al. v. City Winery, LLC et al.*
>        <u>Case No. 1:25-cv-05135</u>

Dear Judge Furman:

We are counsel to Plaintiffs in the above-referenced matter. Plaintiffs write jointly with Defendants pursuant to Your Honor's Order dated March 17, 2026 [Dkt. No. 40], which directs parties to file a joint status letter and a proposed Case Management Plan, which is attached hereto as **Exhibit A**.

### 1. *A statement indicating whether the parties believe they can do without an initial pretrial conference altogether*

The Parties believe an initial pretrial conference is necessary to discuss the scope of discovery prior to a decision on Plaintiffs' anticipated motion for conditional certification of a collective action under Section 216(b) of the FLSA and Plaintiff's Fed. R. Civ. P. 23 class certification motion. Additionally, Plaintiffs have discovered additional venues not yet included in the complaint that are operated by Defendants and subject to Defendants' common policies. Plaintiffs are prepared to submit an affidavit regarding the same and will request leave of the Court to amend the complaint if necessary to include these additional locations. The parties are available for a conference in the afternoon on April 20, 2026, and April 21, 2026.

### 2. *A brief statement of the nature of the action and the principal defenses thereto*

**<u>Plaintiffs</u>**:

Plaintiffs bring class and collective claims against Defendants arising under Fair Labor Standards Act (FLSA) and applicable state wage laws, for: (1) unpaid wages, including overtime, due to time-shaving, (2) unpaid wages due to improper tip credit deductions, (3) unpaid wages due to unlawful tip retention, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

The background of the three (3) named Plaintiffs is as follows: (i) Plaintiff JESUS LUGO was employed by Defendants as a bartender from September 2022 to July 2023; (ii) Plaintiff ANNA MARIE RAY was employed by Defendants as a bartender and a server, from in or around September 2020 until June 2021; and (iii) Plaintiff JACKIE DANNHEISER was employed as a server by Defendants from September 2022 until around September or October 2023.

**Defendants**:

Throughout Plaintiffs' employment, they were fully and properly compensated in accordance with all applicable laws. Defendants will produce all necessary documents to demonstrate this. In fact, Plaintiffs were required to clock-in and clock-out each day that they worked, and Defendants have records evidencing all hours worked by Plaintiffs, including payroll records demonstrating that they were paid all appropriate wages, including overtime. Plaintiffs were also properly compensated as tipped employees because Defendants were entitled to apply tips received from customers towards their minimum wage requirements and complied with the provisions of federal and state law applicable to such tip credits. Plaintiffs were also provided proper wage notices and statements. All of the other claims asserted by Plaintiffs and/or any purported putative collective and/or class members are similarly meritless, and Defendants will demonstrate this during the course of this action.

3. *A brief explanation of why jurisdiction and venue lie in this Court*

This Court has subject matter jurisdiction over this controversy pursuant to the federal question posed by Plaintiffs' FLSA allegations. *See* 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to New York Labor Law, which arise out of the same nucleus of facts as Plaintiffs' federal law claims. *See* 28 U.S.C. § 1367.

Further, this Court has personal jurisdiction over Defendants as Defendants' headquarters is in the State of New York, and venue is proper as Defendants' principal place of business is located in the District.

Defendants do not dispute that this Court has subject matter jurisdiction over Plaintiffs' FLSA claims, but reserve the right to contest this Court's supplemental jurisdiction over Plaintiffs' state law claims if Plaintiffs' FLSA claims are dismissed at any point in this litigation or any other grounds which may divest this Court of subject matter jurisdiction under applicable law. Defendants also contend that the Court does not have personal jurisdiction over the out-of-state claims alleged in the Complaint, or over any claims of Plaintiffs or putative plaintiffs who worked outside of the state of New York

4. *A statement of all existing deadlines, due dates, and/or cut-off dates*

None.

5. *A brief description of any outstanding motions*

None.

6. *A brief statement of whether Plaintiffs intend to move for preliminary certification of a collective action and, if so, a proposed briefing schedule for such a motion*

2

**Plaintiffs**:

Plaintiffs intend to move for preliminary certification of a collective action. Plaintiffs propose that the briefing for this motion commence 60 days after all disputes regarding class sampling are resolved. This proposed date would provide Plaintiffs adequate time to acquire documents necessary for certification.

Plaintiffs oppose any request by Defendants to bifurcate discovery. Defendants' proposal is unworkable, inefficient, and would inevitably lead to duplicative efforts. In wage and hour cases, discovery related to wage and hour policies often overlaps with merits-based discovery, and bifurcation would lead to disputes over the scope of class discovery versus merits discovery. In this Circuit, "[b]ifurcation is the exception, not the rule. Indeed, courts are likely to deny bifurcation where discovery relating to class issues overlaps substantially with merits discovery given that, in such circumstances, bifurcation will result in duplication of efforts and needless line-drawing disputes." *See Cunningham v. Big Think Capital Inc.*, No. 21-CV-02162 (DRH) (JMW), 2021 U.S. Dist. LEXIS 184642 (E.D.N.Y. Sep. 27, 2021) at 6.

Contrary to Defendants' contention, rather than seeking millions of documents, Plaintiffs would be amenable to accepting a 20% sampling of wage and hour records, tip sheets and wage notice/tip credit forms for putative class members, in addition to the employment records for the named Plaintiffs. Courts in the Second Circuit have repeatedly held that plaintiffs are entitled to pre-certification discovery of documents regarding potential class members. *See Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 492 (S.D.N.Y. May 19, 2016) ("[P]roduction of wage-and-hour documents, tip records . . . [for all non-exempt employees in the six years prior to the complaint] would likely support findings of commonality, typicality, numerosity, that the class is identifiable and ascertainable, and that common questions predominate over any individual issues as required by Rule 23."). Defendants' position regarding class-wide contact information is also without merit. *See generally Whitehorn v. Wolfgang's Steakhouse, Inc.*, 2010 U.S. Dist. LEXIS 58460 (S.D.N.Y. June 14, 2010) (detailing this Circuit's tendency to grant pre-certification disclosure of employee contact information). Plaintiffs propose filing their conditional collective certification motion within 60 days after all discovery disputes are resolved, and filing their motion for class certification within 60 days after all opt-in discovery has been concluded.

**Defendants**:

Defendants propose a proportional two-phase approach to discovery with a deadline for Plaintiffs to file a combined FLSA conditional certification and Rule 23 certification motion by October 31, 2026. Even at this early stage, Plaintiffs have made clear that they intend to seek every conceivable document from each front-of-the-house employee employed by any Defendant for a six-year period. That will amount to the production of millions of documents at enormous effort and expense, which could be avoided and streamlined. Defendants therefore contend that, apart from discovery pertaining to a conditional certification and/or certification motion (*e.g.*, documents related to Defendants' relevant wage-and-hour policies and practices), no merits-based discovery related to the putative collective or class, including the name and contact information of putative collective members, should be permitted until and unless conditional certification and/or class certification is granted. Indeed, for example, courts have "refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be

seeking such information to identify new clients, rather than to establish the appropriateness of certification." *Jin Yun Zheng v. Good Fortune Supermarket Grp. (USA), Inc.*, No. 13-cv-60, 2013 WL 5132023, at *8 n.9 (E.D.N.Y. Sept. 12, 2013) (quoting *Dziennik v. Sealift, Inc.*, No. 05-cv-4659, 2006 WL 1455464, at *1 (E.D.N.Y. May 23, 2006)). Thus, under this approach, Phase I discovery would be limited to evidence to support or oppose the case proceeding as a collective and/or class action, and to Plaintiffs' individual claims. *See*, *e.g.*, *Gregory v. Stewart's Shops Corp.*, No. 7:14-CV-33 (TJM/ATB), 2016 WL 8290648, at *2 (N.D.N.Y. July 8, 2016), *report and recommendation adopted sub nom. Gregory v. Stewart's Shops Corp.*, No. 7:14-CV-00033, 2016 WL 5409326 (N.D.N.Y. Sept. 28, 2016)(noting the court entered a scheduling order "which contemplated a first phase of discovery in anticipation of plaintiffs' filing of a combined FLSA conditional certification and Rule 23 certification motion" with "a second phase of discovery would be scheduled following resolution of the certification motion").

Phase II discovery would be addressed following the Court's disposition of Plaintiffs' anticipated motion for conditional certification of a collective action under Section 216(b) of the FLSA and Plaintiffs' Fed. R. Civ. P. 23 class certification motion. Phase II of discovery, if necessary, would focus on the merits-based issues of the conditionally certified collective and/or certified class.

7. ***A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations***

No discovery has taken place yet. To engage in meaningful settlement negotiations, Plaintiffs require all time records, pay statements, tip records and tip credit notices for the three (3) named Plaintiffs and 20% of the Class.

Defendants are not interested in settlement negotiations at this time. After a decision on Plaintiffs' conditional certification and/or certification motion, Defendants may reconsider.

8. ***A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any***

No settlement discussions have occurred to date. However, the parties scheduled a settlement conference before Judge Netburn and submitted Ex Parte Settlement Letters. After reviewing the parties' respective positions, Judge Netburn recommended adjourning the settlement conference without further date and revisiting the prospect of settlement as the litigation progresses. The parties agreed to do so.

9. ***A statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case the use of such a mechanism would be appropriate; and***

*See* Response 8.

4

10. ***Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.***

None.

*              *              *

We thank the Court for considering the above.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee

5