akerman

Christopher R. Lepore

Akerman LLP
71 South Wacker Drive, 47th Floor
Chicago, IL 60606
D: 312 634 5715

July 21, 2026

**VIA ECF**

The Honorable Judge Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square, Room 1105
New York, NY 10007

**Re:** ***Lugo et al. v. City Winery LLC, et al***
**Case No. 1:25-cv-05135-JMF**

Dear Judge Furman:

We are counsel for Defendants City Winery, LLC, et al. ("Defendants") in the above-captioned matter and write in response to Plaintiffs' July 21, 2026 letter-motion (ECF No. 58) seeking a two-week extension of Plaintiffs' deadline to file their motion for collective certification, from July 23, 2026 to August 6, 2026. Defendants respectfully oppose the requested extension for the reasons below.

As an initial matter, Defendants must correct a mischaracterization in Plaintiffs' letter-motion. Plaintiffs represented to the Court that "Plaintiffs contacted Defendants for their consent to this application today, but Defendants have not responded as of the time of this filing." Plaintiffs' counsel did not contact Defendants' counsel to request consent to this extension. Instead, at 5:41 p.m. today, Plaintiffs' counsel placed a single, unannounced telephone call to one of Defendants' attorneys, Mr. Yaqoob, and left a voicemail asking him to call back. The voicemail did not state the reason for the call or mention the pending extension request. Plaintiffs made no other attempt to reach Defendants' counsel by telephone, email, or otherwise before filing their letter-motion. Defendants therefore were not afforded a meaningful opportunity to confer or state a position before the application was filed.

Plaintiffs' apparent need for an extension is entirely the result of their lack of diligence in prosecuting this case. As detailed in Defendants' July 8, 2026 pre-motion letter (ECF No. 53), Plaintiffs failed to serve any responses to Defendants' discovery requests for more than three weeks after the agreed June 15, 2026 deadline; were entirely unresponsive to Defendants' repeated follow-up communications beginning May 29, 2026, including Defendants' specific attempts to

---

obtain Plaintiffs' sampling selections and discovery responses; and offered no explanation for their noncompliance. That same pattern of unresponsiveness and delay is reflected in today's filing.

Plaintiffs' discovery noncompliance has continued despite the Court's intervention. Plaintiffs' July 17, 2026 letter to the Court confirmed that, pursuant to the Court's July 14, 2026 Order (ECF No. 56), named Plaintiffs Jesus Lugo and Anna Marie Ray had served their interrogatory responses, but named Plaintiff Jackie Dannheiser's responses and objections to Defendants' First Set of Interrogatories still had not been served. Plaintiffs' counsel represented only that they were "actively working to procure Ms. Dannheiser's responsive materials and verification and will serve them as expeditiously as possible." Despite that representation and the Court's Order, Plaintiffs still have not served Ms. Dannheiser's responses and objections to Defendants' First Set of Interrogatories. It is now nearly five weeks past the deadline to do so.

Given Plaintiffs' inexcusable delays in responding to written discovery, providing sampling selections, and conferring with Defendants in good faith, as well as Plaintiffs' continuing failure to comply with the Court's July 14, 2026 Order as to Ms. Dannheiser's interrogatory responses, Defendants respectfully oppose Plaintiffs' request for a further two-week extension of the collective certification deadline. Any need for additional time is the product of Plaintiffs' sustained delay and non-participation in this case.

Defendants thank the Court for its consideration.

Respectfully Submitted,

*/s/ Christopher R. Lepore*
Christopher R. Lepore
Partner

cc: Plaintiffs' counsel (via ECF)

Defendants' description of Plaintiffs' counsel's effort to confer is troubling - and the Court will not tolerate that kind of gamesmanship and unprofessionalism going forward. Additionally, Defendants' representations raise concerns about Plaintiffs' compliance with their discovery obligations. But those concerns can and should be addressed separately (if they are not resolved without the need for Court intervention - which would be ideal) and are not a cause to deny Plaintiffs' an extension of their deadline to file their motion. Accordingly, the motion deadlines are extended, but only by one week. Accordingly, Plaintiffs shall file any motion by July 30, 2026. The Clerk of Court is directed to terminate ECF No. 58.

SO ORDERED.

July 22, 2026