akerman

Christoper R. Lepore

Akerman LLP
71 South Wacker Drive, 47th Floor
Chicago, IL 60606
D: 312 634 5715

The parties shall appear for a conference with the Court on **August 5, 2026, at 11:15 a.m.**, in Courtroom 24B of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY. All dates and deadlines, including the briefing schedule for the certification motion, remain in effect.

The Clerk of Court is directed to terminate ECF No. 61.

SO ORDERED.

July 31, 2026

July 30, 2026

**VIA ECF**

The Honorable Judge Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square, Room 1105
New York, NY 10007

**Re:** ***Lugo et al. v. City Winery LLC, et al***
**Case No. 1:25-cv-05135-JMF**

Dear Judge Furman:

We are counsel for Defendants City Winery, LLC, et al. ("Defendants") in the above-captioned matter. We write in response to Plaintiffs' pre-motion letter dated July 27, 2026 (ECF No. 61), which seeks a pre-motion conference regarding an anticipated motion to compel discovery responses from Defendants. The Court should deny that request. Plaintiffs filed their letter without the good-faith meet-and-confer required by this Court's July 14, 2026 Order (ECF No. 56) and Local Civil Rule 37.2, and as part of a broader pattern of delay, noncompliance, and gamesmanship that this Court has already identified and admonished. The July 30, 2026 conditional certification briefing deadline should remain in place. We sincerely apologize for the Court's involvement in this application, which can and should be resolved among the parties.

**A. Plaintiffs' Pre-Motion Letter Is Premature and Should Be Denied.**

This Court's July 14, 2026 Order (ECF No. 56) explicitly reminded the parties that they must meet and confer in good faith before engaging in motion practice. Local Civil Rule 37.2 likewise requires a party seeking discovery relief to certify that it made a good-faith effort to resolve the dispute. Plaintiffs have satisfied neither requirement.

The record is as follows: On Wednesday, July 22 at 10:15 a.m., in *immediate* response to Plaintiffs' request for a meet-and-confer, Defendants' counsel wrote:

> Can you please provide an issues list? We need to know the purported deficiencies in advance to discuss them in any meaningful way. If you do so, we'll confer with our client and discuss in detail with you by early next week.

Plaintiffs' counsel did not respond until Friday, July 24, 2026, at 2:43 p.m., when they attempted to serve a single-spaced, eight-page deficiency letter regarding Defendants' discovery responses and simultaneously demanded that Defendants respond "by Monday at 12:00 p.m. or we will be moving the Court to compel."[1] That "deadline" afforded Defendants only a few business hours on a summer Friday afternoon. At 4:59 p.m. that same day, Defendants' counsel responded in writing, explaining that: (1) the Monday noon deadline was "not workable and is not a basis for any motion practice"; (2) Plaintiffs could not move to compel without first satisfying this Court's meet-and-confer requirement; and (3) if Plaintiffs proceeded without conferring, Defendants would "bring this correspondence, and the timeline reflected in it, to the Court's attention as evidence of gamesmanship."[2]

Defendants nevertheless supplemented their production at 11:32 a.m. on Monday, July 27, and offered to provide additional supplementation "shortly" thereafter. Plaintiffs proceeded anyway, without further communication. Mere hours after their artificial, self-imposed Monday noon deadline passed, Plaintiffs filed ECF No. 61 seeking a pre-motion conference on a motion to compel. At no point between July 24 and July 27 did Plaintiffs' counsel confer with Defendants' counsel by telephone regarding the substance of their deficiency letter, as expressly required by this Court's July 14 Order and Local Civil Rule 37.2. No telephonic meet-and-confer on discovery deficiencies has occurred in this case. Defendants supplemented their production again on Tuesday, July 28 at 2:50 p.m.

Defendants have not avoided a meet-and-confer—the record shows precisely the opposite. Defendants asked Plaintiffs only to identify their claimed deficiencies in writing first so that any conference would be substantive, and committed to discussing them "in detail" early in the following week once Plaintiffs did so. Plaintiffs did not object to that reasonable request until their latest filing. And, in their own July 24, 2026 deficiency letter to Plaintiffs, Defendants affirmatively requested a meet-and-confer call "during the week of July 27, 2026." It was Plaintiffs, not Defendants, who filed this motion before that meet-and-confer could take place. Defendants remain willing to meet and confer.

Tellingly, Plaintiffs' own pre-motion letter (ECF No. 61) concedes the point. Plaintiffs state they "remain willing to meet and confer" on Defendants' discovery deficiencies "later"—including on Plaintiffs' own list of issues. If Plaintiffs acknowledge that these disputes can be addressed through future conferral, there is no basis for Court intervention now. Plaintiffs cannot claim they need the Court's immediate assistance while admitting the issues remain amenable to

[1] The initial email contained no attachment, and the letter was not served until 4:25 p.m. on Friday afternoon.

[2] As a reminder, at 5:41 p.m. the same day of the application for their requested extension, Plaintiffs' counsel placed a single, unannounced telephone call to one of Defendants' attorneys and left a voicemail asking him to call back. The voicemail did not state the reason for the call or mention the extension request.

negotiation. That admission confirms what the record shows: Plaintiffs' rush to Court on an artificial, same-business-day deadline was a tactical maneuver, not a response to genuine urgency.

**B. Plaintiffs' Filing Is Part of a Pattern of Delay and Gamesmanship.**

Plaintiffs' pre-motion letter cannot be viewed in isolation. It is the latest example of noncompliance and tactical maneuvering that this Court has already identified.

After the parties reached a sampling agreement on May 29, 2026, Plaintiffs went silent for nearly two months. During that period, Defendants complied with every obligation: serving timely written discovery responses on June 15, 2026; providing the agreed anonymized class list on June 10, 2026; serving an initial document production on June 24, 2026; and serving a supplemental production on June 25, 2026. Plaintiffs, by contrast, did not respond to Defendants' communications, did not serve their own discovery responses by the agreed June 15 deadline, did not request an extension, and offered no explanation for their silence.

Defendants raised this issue in their July 8, 2026 pre-motion letter (ECF No. 55), alerting the Court that Plaintiffs had been "entirely unresponsive" since May 29 and had served no discovery responses more than three weeks after the agreed deadline. Only then did Plaintiffs stir: on Friday, July 17, 2026, at 6:26 p.m.—roughly seven weeks after the sampling agreement—Plaintiffs served partial discovery responses for Plaintiffs Lugo and Ray only. Plaintiff Jackie Dannheiser's interrogatory responses were not included; Plaintiffs' counsel represented that they were "attempting to obtain" them and that they would "follow shortly." They have not followed. Dannheiser's interrogatory responses remain outstanding as of the date of this letter, notwithstanding that they were due concurrently with those of her co-Plaintiffs, as reinforced by this Court's July 14 and July 22 Orders (ECF Nos. 56, 60). Defendants have followed up but received no response on this issue.

Plaintiffs' disregard for their own discovery obligations stands in stark contrast to their purported urgency in compelling Defendants' responses. On July 24, 2026, Defendants served Plaintiffs' counsel with a detailed deficiency letter identifying numerous defects in Lugo's and Ray's interrogatory and document responses (served July 17, 2026)—including, *inter alia*, deficient witness identifications, missing damages computations, and blanket "none" responses to core wage-and-hour document requests—and gave Plaintiffs fourteen days (until August 7, 2026) to cure. As of today, Plaintiffs have cured none of these deficiencies.

**C. The July 30, 2026 Conditional Certification Deadline Should Remain in Place.**

Plaintiffs now face their July 30, 2026 conditional certification briefing deadline without having meaningfully engaged in the discovery process—a predicament entirely of their own making. *Plaintiffs* went silent for nearly two months. *Plaintiffs* failed to serve their own discovery responses until July 17, 2026—over a month after the agreed deadline—without requesting an extension. And *Plaintiffs* still have not produced Dannheiser's interrogatory responses.

Critically, this Court's July 22, 2026 Order (ECF No. 60)—issued only five days before Plaintiffs' current filing—already denied Plaintiffs' request to extend the conditional certification briefing deadline and expressly identified Plaintiffs' "gamesmanship" in seeking that relief. Plaintiffs' current letter, filed mere days later and again without a proper meet-and-confer, functions as another attempt to leverage discovery disputes around that same deadline. Although Plaintiffs nominally disclaim seeking an extension, the Court should not permit Plaintiffs to accomplish indirectly what it has already declined to grant directly.

Defendants are not responsible for Plaintiffs' self-inflicted time pressure, and the Court should not reward Plaintiffs' delay by entertaining a premature motion to compel or disturbing the July 30 deadline. Plaintiffs have already confirmed that they will file their conditional certification motion by that deadline (ECF No. 61). They should be held to that representation.

For the foregoing reasons, Defendants respectfully request that the Court: (1) deny Plaintiffs' request for a pre-motion conference on their anticipated motion to compel as premature, given the absence of a good-faith meet-and-confer as required by this Court's July 14 Order and Local Civil Rule 37.2; and (2) maintain the July 30, 2026 conditional certification briefing deadline (ECF No. 60) without modification. Defendants remain ready and willing to meet and confer on the substance of both parties' deficiency letters at the earliest mutually convenient time.

Respectfully Submitted,

*/s/ Christopher Lepore*
Christopher R. Lepore
Partner